**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2765-19

CARMEN ALLEN,
f/k/a CARMEN DOWNS,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

JOHN DOWNS,

      Defendant-Appellant/
      Cross-Respondent.

_____

          Argued October 21, 2021 – Decided November 4, 2021

          Before Judges Haas and Mawla.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FM-11-0535-17.

          Howard L. Felsenfeld argued the cause for appellant/cross-respondent (Felsenfeld and Clopton, attorneys; Howard L. Felsenfeld, on the briefs).

          Carleen M. Steward argued the cause for respondent/cross-appellant (Fruhschein & Steward, LLC, attorneys; Carleen M. Steward, of counsel and on the briefs).

PER CURIAM

In this post-judgment matrimonial matter, defendant John Downs appeals from the Family Part's May 20 and 21, 2020 orders[1] entered by Judge Kay Walcott-Henderson. Plaintiff Carmen Allen has filed a cross-appeal from the same orders.

The parties are fully familiar with the procedural history and facts of this case as set forth in the judge's thorough written decision accompanying the orders. Briefly stated, the parties were married in June 1988 and have one emancipated child. Plaintiff filed her complaint for divorce in January 2017.

On March 4, 2019, the parties entered into an oral settlement agreement under which defendant agreed to pay plaintiff $831,000 as "a buy-out of support" and equitable distribution. Under the agreement, defendant promised to pay plaintiff $350,000 within 120 days of the date of the settlement. Thereafter, defendant was required to pay plaintiff $150,000 within three years of the settlement, and pay her the remaining $331,000 in monthly installments of $3940 over a seven-year period, which would begin after the expiration of the 120-day post-settlement period.

---

[1] These were the final two orders entered in this matter. As discussed below, the parties also challenge aspects of some of the court's earlier orders.

A-2765-19

The parties agreed that defendant would retain his business, the former marital home, and a number of investment properties. Plaintiff was to remain in the home until the expiration of the 120-day period for the payment of the $350,000. Until that occurred, defendant agreed to continue to pay plaintiff $1730 per month in pendente lite support.[2]

Unfortunately, defendant did not meet his obligations and did not pay plaintiff the $350,000 lump sum due within 120 days of the settlement, or the monthly pendente lite support and equitable distribution payments. Plaintiff immediately moved to enforce the settlement agreement and asked that the court grant her "a security interest" on the home and three of the investment properties to ensure that defendant did not dispose of them prior to meeting his financial obligations to her. Defendant did not file a timely objection to plaintiff's motion and, on June 7, 2019, the court granted plaintiff the right to place a mortgage[3] on the properties "to enforce defendant's obligations under [the parties'] agreement."

---

[2] The parties did not resolve all of the issues between them in the settlement, but agreed to attempt to work out their remaining four issues through mediation. Based upon this representation, the court entered a final judgment of divorce on March 4, 2019.

[3] Plaintiff subsequently filed a lis pendens on each of the properties.

A-2765-19

Defendant eventually paid plaintiff $150,000 of the first $350,000 due her. However, he still owed her $200,000 and was in arrears on his other monthly obligations. Plaintiff then filed a series of enforcement motions seeking to compel defendant's compliance with the settlement. In response, defendant filed motions attempting to modify the agreement and to force plaintiff to remove her security interest from the properties. The court addressed these motions in orders issued on November 19, 2019, February 10, 2020, and February 21, 2020.[4]

Throughout this period, defendant alleged he had planned to obtain a mortgage of his own on the former marital home and use the proceeds to pay plaintiff. Defendant asserted that the bank would not approve his mortgage request because plaintiff's interest in the home would be superior to that of the lender. Therefore, defendant claimed it was "impossible" for him to meet his financial obligations to plaintiff. However, defendant's alleged plan was not included in the oral settlement agreement, and he did not provide any documentation from a lending institution stating that plaintiff's security interest barred him from using the home or his other properties as collateral for a loan.

---

[4] The court also held a plenary hearing in order to address the four outstanding issues that the parties had not been able to resolve at the time of the March 4, 2019 final judgment of divorce.

A-2765-19

In the May 20, 2020 order that is the subject of this appeal, Judge Walcott-Henderson granted defendant's application for a stay of a previously-imposed daily $25 sanction pending this appeal, and addressed plaintiff's application for additional enforcement actions. On May 21, 2020, the judge entered a supplemental final judgment of divorce in which she memorialized the parties' settlement agreement.[5] The judge also addressed the parties' four outstanding issues and, among other things, ordered defendant to pay plaintiff 40% of her credit card debt and decided which cars each party could retain. In addition, the judge made clear that plaintiff could continue to reside in the former marital home and receive monthly pendente lite support payments until defendant paid her the rest of the $350,000 lump sum payment. This appeal and cross-appeal followed.

On appeal, defendant argues that the judge erred by: (1) permitting plaintiff to hold a security interest on the former marital home and three of his investment properties; (2) requiring him to pay plaintiff counsel fees in connection with her successful enforcement motions; (3) ordering him to pay a portion of plaintiff's post-judgment credit card debt; and (4) continuing to

---

[5] The parties had been unable to agree upon the language of a written marital settlement agreement.

impose a $25 per day monetary sanction for failing to meet his financial obligations to plaintiff.

In her cross-appeal, plaintiff challenges the court's "failure to enforce prior orders [and] agreements." She argues the court erred by: (1) staying the daily sanctions pending appeal; (2) failing to impose a daily sanction on plaintiff until he paid the counsel fees due her; (3) denying her request for a recalculation of the net equity in the investment properties and for an increase in the $3941 monthly equitable distribution payment; (4) failing to enforce the prior orders by issuing a bench warrant for defendant's arrest; (5) denying her motion for an additional 120 days to vacate the former marital home in the event defendant paid the remaining $200,000 on the initial $350,000 lump sum due her; (6) ordering that defendant could retain cars that were worth more than the cars she was permitted to keep; and (7) denying her request for additional counsel fees.

Based on our review of the record and the applicable law, we affirm substantially for the reasons expressed by Judge Walcott-Henderson in the written decision she rendered on May 20, 2020, as well as in her prior decisions accompanying the earlier orders. We add the following comments.

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's

special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty, L.P. v. Manalapan Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995), we will only disturb the judge's factual findings and legal conclusions if we are "'convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)).

With regard to the specific contentions raised by the parties, we apply an abuse of discretion standard when reviewing challenges to the amount of an equitable distribution award or the manner of allocation. Borodinsky v. Borodinsky, 162 N.J. Super. 437, 444 (App. Div. 1978). Similarly, a trial court's rulings on support are discretionary and should not be overturned unless the trial court has abused its discretion, failed to consider applicable legal principles, or made findings unsupported by the evidence. Gordon v. Rozenwald, 380 N.J. Super. 55, 76-77 (App. Div. 2005). Likewise, we will alter an attorney's fee award "only in the clearest case of abuse of discretion." Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000).

Applying these principles, the court's disposition of the parties' respective arguments reveals nothing so wide of the mark that we could reasonably conclude that a clear mistake was made by the judge. The record amply supports Judge Walcott-Henderson's factual findings and, in light of those findings, her legal conclusions are unassailable.

As previously noted, defendant did not oppose plaintiff's request for the security interest on the four properties. He also failed to provide sufficient evidence to the court to support his claim that he is unable to use these properties to fund his obligations to plaintiff. In addition, defendant did not explain why

he could not propose an alternative to his refinancing plan, such as the sale of some of these assets, to obtain the funds he now asserts he lacks.

We also discern no abuse of discretion in the judge's decision to grant plaintiff's requests for reasonable counsel fees in connection with her enforcement motions. Because the record supports the judge's finding that plaintiff incurred credit card debt as a result of defendant's failure to meet his financial obligation, the judge also did not err by ordering defendant to pay a portion this debt. Finally, the modest daily sanctions imposed by the court were "an entirely proper tool to compel compliance with a court order." Franklin Twp. Bd. of Educ. v. Quakertown Educ. Ass'n, 274 N.J. Super. 47, 55 (App. Div. 1994).

Similarly, Judge Walcott-Henderson did not abuse her discretion in connection with any of the matters raised by plaintiff in her cross-appeal. The judge carefully reviewed the relevant evidence and fully explained her reasons in a logical and forthright manner. We therefore affirm the orders in all respects.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2765-19